[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S APPEAL
A brief review of events leading to Defendant's Motion to Dismiss is hereinafter set forth. The Plaintiff State of Connecticut filed a paternity and support petition against the defendant claiming him to be the father of one Silvia Decamillis. It was later determined that defendant was the father of said child, and thereafter he filed a cross complaint against the mother seeking that she make some contribution to the support of said child. Plaintiff thereafter filed a Motion to Dismiss defendant's cross complaint, arguing that defendant did not have standing to do so. Subsequently on September 6, 2001 the family support magistrate denied plaintiff's Motion to Dismiss, which decision plaintiff has appealed. On October 16, 2001 in a subsequent hearing before the magistrate, it was ordered that the defendant father pay $2,930.40 in past child support to the plaintiff at $5.00 per week. On November 8, 2001 defendant filed a Motion to Dismiss Plaintiff's Appeal from the Magistrate's decision, claiming in essence that the plaintiff was not aggrieved by the decision of the family support magistrate.
The law on aggrievement is succinctly set forth in Milford v. Lodge 1566,200 Conn. 91 (1986) wherein at Page 96 it is stated that:
"The test for determining aggrievement encompasses a well settled twofold determination: first, the party claiming aggrievement must demonstrate a specific and legal interest in the subject matter of the decision, as distinguished from a general interest shared by the community as a whole; second, the party claiming aggrievement must establish that this specific personal and legal interest has been CT Page 17271 specially and injuriously affected by the decision. Mere status as a party or a participant in the proceedings below does not in and of itself constitute aggrievement for the purposes of appellate review."
This court is unable to perceive how the plaintiff's interest in this paternity and support petition has in any fashion been adversely affected by the magistrate's ruling. On the contrary it would appear that plaintiff's likelihood of recovering support for the minor child has been increased twofold by that decision. That the plaintiff State of Connecticut may now look to the mother of the minor child as well as its father for reimbursement of a support arrearage constitutes good fortune rather than aggrievement. Defendant's motion to dismiss the appeal is accordingly granted.
By the Court,
John D. Brennan Judge Trial Referee